David Davidson, Esq. SBN 215969
ddavidson@ohaganmeyer.com
Pilar Torres, Esq. SBN 341732
ptorres@ohaganmeyer.com
**O'HAGAN MEYER LLP**
4695 MacArthur Ct., Suite 900
Newport Beach, CA 92660
Telephone: (949) 942-8500
Facsimile: (949) 942-8510

Attorneys for Defendant,
WALMART, INC.

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA LIMA, an individual,<br><br>                    Plaintiff,<br><br>vs.<br><br>WALMART, INC., a Delaware corporation; DOE 1 (STORE MANAGER); and DOES 2-50, inclusive,<br><br>                    Defendants. | CASE NO.<br><br>**DEFENDANT WALMART INC.'S NOTICE OF REMOVAL OF ACTION   UNDER 28 U.S.C. §§1332, 1441, 1446 (DIVERSITY) AND DECLARATION OF PILAR TORRES, ESQ.** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant, WALMART, INC., ("Defendant"), a Delaware Corporation, hereby removes this action from Superior Court of the State of California, County of Merced to the United States District Court for the Eastern District of California, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 on the basis of diversity.

This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) on the grounds that complete diversity exists between all parties and the amount in

controversy exceeds the sum of $75,000, exclusive of interest and costs.  Plaintiff Donna Lima is a resident, citizen and domiciliary of the State of California. Defendant is a Delaware corporation with its principal place of business in the State of Arkansas.

## INTRODUCTION

1.     On March 19, 2024, plaintiff Donna Lima ("Plaintiff") commenced this action by filing a complaint in the Superior Court of the State of California in and for the County of Merced, entitled *Donna Lima, an individual, v. Walmart, Inc., a Delaware corporation, DOE 1 (STORE MANAGER) and DOES 2 through 50, inclusive*," as Case Number 24CV-01205.  Plaintiff alleges causes of action for negligence and premises liability arising out of an incident that is alleged to have occurred on April 2, 2022, in Merced, California.

2.     Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all pleadings and documents filed and served to date on Defendant in this action are attached hereto, collectively, as **Exhibit A.**

3.     Plaintiff's Complaint was served on Defendant on July 23, 2024. Plaintiff served its response to Statement of Damages on July 23, 2024. This Notice of Removal is thus timely pursuant to 28 U.S.C. § 1446(b) because it is being made within thirty (30) days of service of the pleading which made the case become removeable.

4.     This Notice of Removal is also timely under 28 U.S.C. § 1446(b) since it is being filed within one (1) year of the commencement of this action.

## BASIS FOR REMOVAL

5.     This Court has subject matter jurisdiction under 28 U.S.C. § 1332, which confers original jurisdiction of "all civil actions where the matter in

controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between … citizens of different States and in which citizens or subjects of a foreign state are additional parties[.]"

6.      At the time of filing his complaint, Plaintiff was a resident and citizen of the State of California, County of Merced. (Torres Dec., ¶ 3.)

7.      Defendant is a citizen of the Delaware where it was incorporated with its principal place of business in the State of Arkansas. (Id. at ¶ 4.)

8.      The defendants identified as "DOE 1 (STORE MANAGER)" and "Does 2 through 50" in Plaintiff's Complaint are merely fictitious parties who have not been identified.

9.      The inclusion of "Doe" defendants in the state court Complaint has no effect on removability.  In determining whether diversity of citizenship exists, only the named defendants are considered.  (See *Newcombe v. Adolf Coors Co*., 157 F.3d 686, 690-91 (9th Cir. 1998); see also *Olive v. Gen. Nutrition Ctrs., Inc*., No. 2:12-cv-04297-ODW, 2012 WL 2006389, at *1 (C.D. Cal. June 5, 2012); *Marsikyan v. Porsche Cars N. Am., Inc*., No. CV 11-09411 SJO, 2012 WL 280585, at *2 (C.D. Cal. Jan. 30, 2012).

10.     In determining whether the parties are diverse under 28 U.S.C. § 1441(b), "the citizenship of defendants sued under fictitious names shall be disregarded." (See also, *Goldsmith v. CVS Pharmacy, Inc.*, CV 20-0750-AB (JCx), 2020 WL 1650760 (C.D. Cal. April 3, 2020); *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002)). The presumption remains that Congress said what it meant and meant when it said when it wrote 28 U.S.C. § 1441(b) to require that the citizenship of fictitious defendants be ignored when considering diversity jurisdiction. The Ninth Circuit was clear when it indicated the same. (See *Soliman*,

3

**DEFENDANT WALMART INC.'S NOTICE OF REMOVAL**

311 F.3d at 966.) The parties are accordingly completely diverse, and jurisdiction is proper.

11.     Plaintiff's Complaint does not specify the amount of damages sought by way of his action. Pursuant to California Code of Civil Procedure §§ 425.10 and 425.11, a plaintiff in a personal injury action is not permitted to include a specific damages prayer in her complaint.

12.     Plaintiff served its response to Statement of Damages on July 23, 2024, which claimed at least $1,000,000.00 in general damages, and at least $1,000,000.00 in special damages. (Id. at ¶ 2.) Therefore, the amount of damages exceeds $75,000.

13.     This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332 and is one which many be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(a) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs because Plaintiff has alleged various damages in excess of $2,000,000.00. (Torres Dec., ¶ 2-4.)

14.     Thus, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, removal of this action from the Superior Court of California, County of Merced to the United State District Court for the Eastern District of California is appropriate.

15.     The removal of this action to this Court is proper under 28 U.S.C. § 1441(a) inasmuch as the Superior Court of the State of California, County of Merced, where this action was originally filed, is located within this federal judicial district. Also, both the place of Plaintiff's residence/domicile and the location of the accident at issue are located in the County of Merced in the State of California. (Torres Dec., ¶ 3.)

16.     This Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and

**DEFENDANT WALMART INC.'S NOTICE OF REMOVAL**

removal of this action to this Court is proper pursuant to 28 U.S.C. § 1441(a).

17.    Counsel for Defendant hereby certifies that they will file a true and correct copy of this Notice of Removal with the Clerk of the Superior Court of California, County of Merced, as required by 28 U.S.C. § 1446, and give notice of same to Plaintiff.

18.    No previous application for the relief sought herein has been made to this Court or any other Court.

**WHEREFORE,** Defendant hereby removes this action from the Superior Court of the State of California, County of Merced to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.


DATED: August 14, 2024          O'HAGAN MEYER



By:

David Davidson
Pilar Torres
Attorney for Defendant,
WALMART INC.

**DEFENDANT WALMART INC.'S NOTICE OF REMOVAL**

## DECLARATION OF PILAR TORRES, ESQ.

I, Pilar Torres, declare as follows:

1.     I am an attorney duly authorized and licensed to practice before this Court. I am an attorney with the law firm of O'Hagan Meyer, counsel of record for defendant WALMART, INC., a Delaware Corporation ("Walmart") in the above-captioned matter.  The information stated herein is true and correct and of my personal knowledge, unless stated on information and belief.  If called as a witness, I could and would testify competently to the matters declared herein.

2.     As a result of the subject fall, Plaintiff served its response to Statement of Damages on July 23, 2024, which claimed at least $1,000,000.00 in general damages, and at least $1,000,000.00 in special damages.

3.     According to the Complaint prepared and submitted by Plaintiff, she resides in Merced, California. I am informed and believe he has been a citizen of the State of California at all relevant times, from the date of the incident up to and including the time she filed his Complaint. The subject accident allegedly occurred on April 2, 2022, at a Walmart store located in Merced, California.

4.     Walmart, Inc. is incorporated in Delaware with its principal place of business in the State of Arkansas.

5.     Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all pleadings and documents filed and served to date on Defendant in this action are attached hereto, collectively, as **Exhibit A.**

6.     A true and correct copy of Defendant Walmart, Inc.'s Answer is attached hereto as **Exhibit B.**

7.     A true and correct copy of Plaintiff's Statement of Damages is attached

hereto as **Exhibit C.**

8.    Plaintiff's Complaint was served on Defendant on July 23, 2024. Plaintiff served its response to Statement of Damages on July 23, 2024. This Notice of Removal is thus timely pursuant to 28 U.S.C. § 1446(b) because it is being made within thirty (30) days after service of the pleading which made the case become removable.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed on August 14, 2024.

_____
Pilar Torres, Declarant

**DECLARATION OF PILAR TORRES, ESQ.**

# EXHIBIT A

PLD-PI-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER: 344029 | FOR COURT USE ONLY |
|---|---|---|

NAME: Lauren A. Landau, Esq.
FIRM NAME: DOWNTOWN LA LAW GROUP
STREET ADDRESS: 910 S Broadway
CITY: Los Angeles        STATE: CA    ZIP CODE: 90015
TELEPHONE NO.: (213) 389-3765    FAX NO.: (877) 389-2775
EMAIL ADDRESS: lauren@downtownlalaw.com
ATTORNEY FOR (name): DONNA LIMA

**ELECTRONICALLY FILED**
Merced Superior Court
3/19/2024 11:03 AM
Amanda Toste
Clerk of the Superior Court
By: Brandon Chow, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF MERCED
STREET ADDRESS: 627 W. 21st Street
MAILING ADDRESS: 627 W. 21st Street
CITY AND ZIP CODE: Merced, CA 95340
BRANCH NAME: Old Merced Courthouse

PLAINTIFF: DONNA LIMA, an individual.
DEFENDANT: WALMART, INC., a Delaware corporation; (Additional Parties Attachment form is attached)
[ ] DOES 1 TO ____

| COMPLAINT—Personal Injury, Property Damage, Wrongful Death | CASE NUMBER: |
|---|---|
| [ ] AMENDED (Number): | |

Type (check all that apply):
| [ ] MOTOR VEHICLE | [X] OTHER (specify): General Negligence |
| [ ] Property Damage | [ ] Wrongful Death |
| [X] Personal Injury | [X] Other Damages (specify): Premises Liability |

**24CV-01205**

Jurisdiction (check all that apply):
[ ] ACTION IS A LIMITED CIVIL CASE (does not exceed $35,000)
    Amount demanded [ ] does not exceed $10,000
              [ ] exceeds $10,000
[X] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $35,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint
    [ ] from limited to unlimited
    [ ] from unlimited to limited

1. Plaintiff (name or names): DONNA LIMA, an individual.
   alleges causes of action against defendant (name or names): WALMART, INC., a Delaware corporation; (Additional Parties Attachment form is attached)
2. This pleading, including attachments and exhibits, consists of the following number of pages:
3. Each plaintiff named above is a competent adult
   a. [ ] except plaintiff (name):
       (1) [ ] a corporation qualified to do business in California.
       (2) [ ] an unincorporated entity (describe):
       (3) [ ] a public entity (describe):
       (4) [ ] a minor    [ ] an adult
           (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed.
           (b) [ ] other (specify):
       (5) [ ] other (specify):
   b. [ ] except plaintiff (name):
       (1) [ ] a corporation qualified to do business in California.
       (2) [ ] an unincorporated entity (describe):
       (3) [ ] a public entity (describe):
       (4) [ ] a minor    [ ] an adult
           (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed.
           (b) [ ] other (specify):
       (5) [ ] other (specify):
   [ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001 [Rev. January 1, 2024]

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

Code of Civil Procedure, § 425.12
www.courts.ca.gov

Westlaw Doc & Form Builder

MC-025

| SHORT TITLE: DONNA LIMA vs. WALMART, INC., et. al. | CASE NUMBER: |
|---|---|

**ATTACHMENT** *(Number):* _____

*(This Attachment may be used with any Judicial Council form.)*

COMPLAINT - ATTACHMENT PAGE

DOE 1 (STORE MANAGER); and DOES 2-50, inclusive.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page _____ of _____

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT**
**to Judicial Council Form**

www.courtinfo.ca.gov
Westlaw Doc & Form Builder

| | |
|---|---|
| SHORT TITLE: DONNA LIMA vs. WALMART, INC., et. al. | CASE NUMBER: |

4. ☐ Plaintiff (name):
   is doing business under the fictitious name (specify):

   and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person

   a. ☒ **except** defendant (name): WALMART, INC.　　　c. ☐ **except** defendant (name):
      (1) ☐ a business organization, form unknown.　　　(1) ☐ a business organization, form unknown.
      (2) ☒ a corporation.　　　(2) ☐ a corporation.
      (3) ☐ an unincorporated entity (describe):　　　(3) ☐ an unincorporated entity (describe):

      (4) ☐ a public entity (describe):　　　(4) ☐ a public entity (describe):

      (5) ☐ other (specify):　　　(5) ☐ other (specify):


   b. ☐ **except** defendant (name):　　　d. ☐ **except** defendant (name):
      (1) ☐ a business organization, form unknown.　　　(1) ☐ a business organization, form unknown.
      (2) ☐ a corporation.　　　(2) ☐ a corporation.
      (3) ☐ an unincorporated entity (describe):　　　(3) ☐ an unincorporated entity (describe):

      (4) ☐ a public entity (describe):　　　(4) ☐ a public entity (describe):

      (5) ☐ other (specify):　　　(5) ☐ other (specify):


   ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.

   a. ☒ Doe defendants (specify Doe numbers): 26-50　　　were the agents or employees of other
      named defendants and acted within the scope of that agency or employment.
   b. ☒ Doe defendants (specify Doe numbers): 1-25　　　are persons whose capacities are unknown to
      plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are (names):



8. This court is the proper court because
   a. ☐ at least one defendant now resides in its jurisdictional area.
   b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☒ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☐ other (specify):



9. ☐ Plaintiff is required to comply with a claims statute, and
   a. ☐ has complied with applicable claims statutes, or
   b. ☐ is excused from complying because (specify):

**COMPLAINT—Personal Injury, Property
Damage, Wrongful Death**

| SHORT TITLE: DONNA LIMA vs. WALMART, INC., et. al. | CASE NUMBER: |
|---|---|

**PLD-PI-001**

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:

   a.  ☐  Motor Vehicle

   b.  ☒  General Negligence

   c.  ☐  Intentional Tort

   d.  ☐  Products Liability

   e.  ☒  Premises Liability

   f.  ☐  Other *(specify)*:

11. Plaintiff has suffered *(check all that apply)*

   a.  ☒  wage loss.

   b.  ☒  loss of use of property.

   c.  ☒  hospital and medical expenses.

   d.  ☒  general damage.

   e.  ☒  property damage.

   f.  ☒  loss of earning capacity.

   g.  ☒  other damage *(specify)*: Prejudgment interest and interest on damages including but not limited to under Civil Code Sections 3287, 3288, 3291 and/or as allowed by law, common law or otherwise. Other damages, including loss of profits and special damages, unknown at this time which Plaintiff will prove at time of trial.

12. ☐  The damages claimed for wrongful death and the relationships of plaintiff to the deceased are

   a.  ☐  listed in Attachment 12.

   b.  ☐  as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for

   a.  (1) ☒  compensatory damages.

      (2) ☐  punitive damages.

   b.  The amount of damages is *(in cases for personal injury or wrongful death, you must check (1))*:

      (1) ☒  according to proof.

      (2) ☐  in the amount of: $

15. ☐  The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers)*:

Date: 3/19/24

Lauren A. Landau, Esq.
_____
    (TYPE OR PRINT NAME)

▶

_____
  (SIGNATURE OF PLAINTIFF OR ATTORNEY)

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

MC-025

| SHORT TITLE:  DONNA LIMA vs. WALMART, INC., et. al. | CASE NUMBER: |
| --- | --- |

**ATTACHMENT** *(Number):* _____14_____

*(This Attachment may be used with any Judicial Council form.)*

DEMAND FOR JURY TRIAL

Plaintiff(s) demand(s) trial by jury of all issues so triable.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

**Page** _____ **of** _____

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT**
**to Judicial Council Form**

www.courtinfo.ca.gov
Westlaw Doc & Form Builder

| SHORT TITLE: DONNA LIMA vs. WALMART, INC., et. al. | CASE NUMBER: |
|---|---|

____FIRST____    **CAUSE OF ACTION—General Negligence**    Page _____
(number)

ATTACHMENT TO  [ X ] Complaint  [   ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name):* DONNA LIMA, an individual.

alleges that defendant *(name):*  WALMART, INC., a Delaware corporation; DOE 1 (STORE MANAGER); and DOES 2-50, inclusive.

[   ] Does _____ to _____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff
on *(date):* or about April 2, 2022
at *(place):* or near 3055 Loughborough Dr., Merced, CA 95348

*(description of reasons for liability):*

On or about April 2, 2022 Plaintiff was lawfully on the premises of Defendants WALMART, INC., a Delaware corporation; DOE 1 (STORE MANAGER); and DOES 2-50, inclusive, located at or near 3055 Loughborough Dr., Merced, CA 95348. Plaintiff was walking within the subject premises when she stepped on an unmarked and/or unsecured plastic hanger and/or similar item on the floor causing her to slip and fall, thereby causing Plaintiff to endure severe injury and pain.

Plaintiff is informed and believes, and based upon such information alleges that Defendant DOE 1 (MANAGER) was a supervisor and/or manager of the subject premises at the time of Plaintiff's incident. Based on information and belief, Defendant DOE 1 (MANAGER) is now, and at all times mentioned in this complaint was, an adult resident of Merced County, California. It is believed that Defendant DOE 1 ( MANAGER) was responsible for the maintenance of the subject premises at the time of Plaintiff's incident, was responsible to verify that there was in place a policy which provided for the maintenance of the subject premises according to industry standards, was responsible for the training and education of the subject premises' employees who were tasked with conducting the maintenance of the subject premises, and was responsible for verifying that the subject premises be maintained according to industry standards and sufficient policies and procedures.

At all times herein mentioned, defendants, and each of them, had sole and exclusive custody and control of the aforesaid premises and activities occurring at said premises, and owed a duty to this Plaintiff and others lawfully on said premises to keep said premises in a good and safe condition; contrary thereto, Defendants, and each of them, were negligent, careless and reckless in the ownership, care, control, maintenance, operation, leasing, management, caretaking, repairing, of said premises, in that they caused and permitted said premises to be and remain in a dangerous and unsafe condition in that defendants, and each of them, caused or permitted structures and/or components and/or other parts of said premises to be and remain deficient. In addition, Defendants, and each of them were negligent, careless and reckless in that they failed to properly warn of the dangerous condition, and in that they failed to properly protect the area of said dangerous condition.

Said Defendants, and each of them, fully and well knew, or should have known in the exercise of reasonable care, that the unmarked and/or unsecured plastic hanger and/or similar item in said establishment was in a dangerous and defective and unsafe condition, and a menace to Plaintiff and others lawfully on said premises.

By reason of the aforesaid negligence, carelessness and recklessness of Defendants, and each of them, as aforesaid, and as a direct and proximate result thereof, dangerously unmarked and/or unsecured plastic hanger and/or similar item that was not properly installed, maintained, cleaned and/or protected at said property causing Plaintiff to sustain the injuries and damages as hereinafter alleged.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]    **CAUSE OF ACTION—General Negligence**    Code of Civil Procedure 425.12
*www.courtinfo.ca.gov*
Westlaw Doc & Form Builder

PLD-PI-001(4)

| SHORT TITLE: DONNA LIMA vs. WALMART, INC., et. al. | CASE NUMBER: |
|---|---|

_____SECOND_____     **CAUSE OF ACTION—Premises Liability**     Page _____
(number)

ATTACHMENT TO     [ X ] Complaint     [ ] Cross - Complaint
*(Use a separate cause of action form for each cause of action.)*

Prem.L-1. Plaintiff *(name):* DONNA LIMA, an individual.
alleges the acts of defendants were the legal (proximate) cause of damages to plaintiff.
On *(date):* or about April 2, 2022          plaintiff was injured on the following premises in the following
fashion *(description of premises and circumstances of injury):* On or about April 2, 2022 Plaintiff was lawfully
on the premises of Defendants WALMART, INC., a Delaware corporation; DOE 1 (STORE MANAGER);
and DOES 2-50, inclusive, located at or near 3055 Loughborough Dr., Merced, CA 95348. Plaintiff was
walking within the subject premises when she stepped on an unmarked and/or unsecured plastic hanger and/
or similar item on the floor causing her to slip and fall, thereby causing Plaintiff to endure severe injury and
pain.

Prem.L-2.     [ X ]     **Count One—Negligence** The defendants who negligently owned, maintained, managed and
operated the described premises were *(names):* WALMART, INC., a Delaware corporation; DOE 1 (
STORE MANAGER); and DOES 2-50, inclusive.

[ X ] Does _____1_____ to _____50_____

Prem.L-3.     [ ]     **Count Two—Willful Failure to Warn [Civil Code section 846]** The defendant owners who willfully
or maliciously failed to guard or warn against a dangerous condition, use, structure, or activity were
*(names):*

[ ] Does _____ to _____

Plaintiff, a recreational user, was [ ] an invited guest [ ] a paying guest.

Prem.L-4.     [ ]     **Count Three—Dangerous Condition of Public Property** The defendants who owned public property
on which a dangerous condition existed were *(names):*

[ ]Does _____ to _____

a. [ ]   The defendant public entity had [ ] actual [ ] constructive notice of the existence of the
dangerous condition in sufficient time prior to the injury to have corrected it.
b. [ ]   The condition was created by employees of the defendant public entity.

Prem.L-5.  a. [ ]   **Allegations about Other Defendants** The defendants who were the agents and employees of the
other defendants and acted within the scope of the agency were *(names):*

[ ] Does _____ to _____

b. [ ]   The defendants who are liable to plaintiffs for other reasons and the reasons for their liability are
[ ] described in attachment Prem.L-5.b [ ] as follows *(names):*

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(4) [Rev. January 1, 2007]

**CAUSE OF ACTION—Premises Liability**

Code of Civil Procedure, §425.12
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

EXHIBIT B

This e-copy is the official court record (GC68150)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ELECTRONICALLY FILED
Merced Superior Court
8/2/2024 12:57 PM
Amanda Toste
Clerk of the Superior Court
By: Brandon Chow, Deputy

David Davidson, Esq. (SBN 215969)
ddavidson@ohaganmeyer.com
Pilar Torres, Esq. (SBN 341732)
ptorres@ohaganmeyer.com
**O'HAGAN MEYER LLP**
4695 MacArthur Ct., Suite 900
Newport Beach, CA 92660
Telephone:    (949) 942-8500
Facsimile:    (949) 942-8510

Attorneys for Defendant,
WALMART, INC.

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF MERCED**

| | |
|---|---|
| DONNA LIMA, an individual,<br><br>                    Plaintiff,<br><br>vs.<br><br>WALMART, INC., a Delaware corporation;<br>DOE 1 (STORE MANAGER); and DOES 2-<br>50, inclusive,<br><br>                    Defendants. | Case No. 24CV-01205<br><br>**Assigned For All Purposes To:**<br>Hon. Judge Brian McCabe<br>Courtroom: 8<br><br>**DEFENDANT WALMART, INC.'S<br>ANSWER TO PLAINTIFF'S<br>COMPLAINT**<br><br>Complaint Filed:    03/19/2024<br>Trial Date:          None Set |

Defendant WALMART, INC. ("Defendant"), by and through its attorneys, answers

Plaintiff DONNA LIMA's Complaint ("Complaint") in this action as follows:

## **GENERAL DENIAL**

Defendant denies both generally and specifically each and every allegation in said

unverified complaint and the whole thereof, including a denial that Plaintiff has been or will be

injured or damaged whether in the manner alleged, or in any other manner or sum, or at all, as

permitted by California Code of Civil Procedure § 431.30(d). In further response to Plaintiff's

Complaint, Defendant denies that Plaintiff has sustained any injury, damage, or loss, by reason of

O'HAGAN MEYER
ATTORNEYS & ADVISORS

This e-copy is the official court record (GC68150)

1 | any act or omission of Defendant or its agents or employees.

### FIRST AFFIRMATIVE DEFENSE

1.     The Complaint, and each and every purported cause of action contained therein, fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2.     Each cause of action asserted in Plaintiff's Complaint is barred by the statute of limitations as set forth in Code of Civil Procedure §§335.1, 337.1, 337.15, and 340.

### THIRD AFFIRMATIVE DEFENSE

3.     Defendant contends that Plaintiff was concurrently and contributorily negligent in and about the matters referred to in said Complaint on file herein, and that said carelessness and negligence on Plaintiff's own part proximately and directly contributed to and caused the injuries, loss, and damages complained of by Plaintiff, if any there were.

### FOURTH AFFIRMATIVE DEFENSE

4.     Defendant contends that the injuries and damages complained of by Plaintiff, if any there were, were either wholly or in part proximately caused by negligence or other wrongful acts or omissions of persons or entities other than answering Defendant, and that said negligence or wrongful acts or omissions either are imputed to Plaintiff by reason of his relationship with said persons or entities, or comparatively reduce the proportion of negligence and corresponding liability of answering Defendant, if any, which liability is specifically denied.

### FIFTH AFFIRMATIVE DEFENSE

5.     Defendant contends that if liability is assessed against it, pursuant to Civil Code § 1431 et. seq., Defendant shall be liable only for the amount of non-economic damages allocated to it in direct proportion to the percentage of fault assessed against it by the trier of fact and requests that a separate judgment be rendered against it for that amount; but that Defendant in setting forth this affirmative defense makes no admission that it is liable to Plaintiff in any amount or in any proportion; and Defendant, in setting forth this affirmative defense, make no admission that Plaintiff has been damaged in any sum or sums at all.

///

**DEFENDANT WALMART, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

This e-copy is the official court record (GC68150)

O'HAGAN MEYER
ATTORNEYS & ADVISORS

1

2            **SIXTH AFFIRMATIVE DEFENSE**

3          6.     Plaintiff failed to exercise reasonable care and diligence to avoid loss and to

4    minimize and mitigate his damages, if any there were, and that this failure to mitigate damages

5    alone aggravated any damages or injuries to Plaintiff, if any, and therefore precludes or reduces

6    recovery against answering Defendant.

7           **SEVENTH AFFIRMATIVE DEFENSE**

8          7.     Defendant contends that Plaintiff knew, or in the exercise of reasonable care,

9    should have known of the risks and hazards involved in the undertaking in which she engaged, but

10   nevertheless and with full knowledge of these things, did fully and voluntarily consent to assume

11   the risks and hazards involved in the undertaking.

12            **EIGHTH AFFIRMATIVE DEFENSE**

13         8.     Defendant contends that pursuant to Government Code §830.2 and its progeny the

14   risk, if any, created by the alleged dangerous condition was of such a minor, trivial or insignificant

15   nature in view of the surrounding circumstances that no reasonable person would conclude that the

16   condition created a substantial risk of injury when such property or adjacent property was used

17   with due care in a manner in which it was reasonably foreseeable that it would be used.

18            **NINTH AFFIRMATIVE DEFENSE**

19         9.     Defendant contends that the events, injuries, losses, and damages, if any,

20   complained of were the result of an unavoidable accident insofar as answering Defendant is

21   concerned and occurred without any negligence, want of care, default or other breach of duty to

22   Plaintiff on the part of answering Defendant.

23            **TENTH AFFIRMATIVE DEFENSE**

24         10.    The provisions of the "Fair Responsibility Act of 1986" (commonly known as

25   Proposition 51) Civil Code §§ 1430, 1431, 1431.1, 1431.2, 1431.3, 1431.4, 1431.5 and 1432 are

26   applicable to this action to the extent that Plaintiff's injuries and damages, if any, were legally

27   caused or contributed to by the negligence of fault of persons or entities other than answering

28   Defendant.

---
3

**DEFENDANT WALMART, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

This e-copy is the official court record (GC68150)

O'HAGAN MEYER
ATTORNEYS & ADVISORS

**ELEVENTH AFFIRMATIVE DEFENSE**

11.     Defendant contends that any and all conduct of which Plaintiff complains, and which is attributed to answering Defendant, or its agents or employees was a just and proper exercise of management discretion on the part of answering Defendant and its agents and employees undertaken for a fair and honest reason and regulated by good faith under the circumstances then existing.

**TWELFTH AFFIRMATIVE DEFENSE**

12.     Defendant contends that plaintiff's cause of action for premises liability is barred because Defendant did not have actual notice of the condition within sufficient time before the alleged injury to provide a reasonable opportunity to protect against it.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13.     Defendant contends that plaintiff's cause of action for premises liability is barred because Defendant did not have constructive notice of the condition within sufficient time before the alleged injury to provide a reasonable opportunity to protect against it.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14.     Defendant contends that plaintiff failed to exercise reasonable and ordinary care, caution, or prudence for plaintiff's own safety in order to avoid the alleged incident. The resulting injuries and damages, if any, sustained by plaintiff were proximately caused and contributed to by the negligence of plaintiff, in that any possible danger with regard to the accident was open and obvious to anyone using reasonable care.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15.     At the time and place of the occurrence alleged in the complaint, plaintiff failed to exercise ordinary care on his own behalf for his own safety. That negligence caused the injury and damage, if any, that she sustained. Consequently, plaintiffs right to recover should be diminished by his proportional share of fault.

Lastly, this answering Defendant presently does not have insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. This answering Defendant reserves its rights to assert additional

4

**DEFENDANT WALMART, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

This e-copy is the official court record (GC68150)

affirmative defenses in the event that the discovery indicates they would be appropriate.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Defendant prays for judgment against Plaintiff as follows:

1.      That Plaintiff take nothing by way of the Complaint;

2.      That judgment be entered against Plaintiff and in favor of Defendant on all causes of action;

3.      For attorneys' fees and costs of suit incurred in defense of this action; and

4.      For such other, further relief, as this Court may deem just and proper.


DATED:     August 2, 2024                      **O'HAGAN MEYER**

                                   By: _____
                                          David Davidson, Esq.
                                          Pilar Torres, Esq.
                                          Attorneys for Defendant,
                                          WALMART, INC.

---

**DEFENDANT WALMART, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

This e-copy is the official court record (GC68150)

**PROOF OF SERVICE**

STATE OF CALIFORNIA            )
                               ) ss.
COUNTY OF LOS ANGELES          )

    I am over the age of eighteen years and not a party to the within action.  I am employed by O'HAGAN MEYER LLP, whose business address is 4695 MacArthur Ct., Suite 900, Newport Beach, CA 92660.

    On **August 2, 2024**, I served the within document(s) described as: **DEFENDANT WALMART, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** on the parties in said action as follows:

**SEE SERVICE LIST**

    ☐    **BY MAIL** (CCP § 1013) - I caused the documents described above to be deposited for processing in the mailroom in our offices.  I am "readily familiar" with the firm's practices of collection and processing correspondence for mailing.  It is deposited with the U. S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.

    ☐    **BY FAX:** (CCP § 1013 (e); CRC 2.306 (a) (b)) – I caused such document(s) to be electronically transmitted by facsimile to the respective fax number(s) of the party(ies) as stated on the attached Service List.

    ☒    **BY ELECTRONIC MAIL:** Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification listed herein on this date from agurzenski@ohaganmeyer.com. I did not receive within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

    ☒    **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    Executed on **August 2, 2024,** at Los Angeles, California.

_____
*Amber Gurzenski*

This e-copy is the official court record (GC68150)

**SERVICE LIST**
*Lima, Donna v. Walmart, Inc.*
Merced Superior Court Case No. 24CV-01205
O'Hagan Meyer File No.: 2967-40667

Lauren A. Landau, Esq.                          Attorneys for Plaintiff
Downtown LA Law Group                    Donna Lima
910 Broadway
Los Angeles, CA 90015
Tel: 213-389-3765
Fax: 877-389-2775
lauren@downtownlalaw.com

2
PROOF OF SERVICE

EXHIBIT C

1  **LAUREN A. LANDAU, Esq. – State Bar No. 344029**
   **DOWNTOWN L.A. LAW GROUP**
2  910 S. Broadway
   Los Angeles, CA  90015
3  Tel: (213) 389-3765
   Fax: (877) 389-2775
4  Email: lauren@downtownlalaw.com
5
   Attorneys for Plaintiff
6  DONNA LIMA

7                **SUPERIOR COURT OF CALIFORNIA**

8                   **COUNTY OF LOS MERCED**

9  DONNA LIMA, an Individual              Case No.: 24CV-01205
10
                        Plaintiff,        **STATEMENT OF DAMAGES**
11                  v.

12 WALMART, INC., a Delaware corporation;
   DOE 1 (STORE MANAGER); and DOES 2-
13 50, inclusive.
14
                        Defendants.
15
16     Plaintiff DONNA LIMA, an individual, hereby provides to Defendants the following
   Statement of Damages:
17
18     1.  General Damages:        In excess of              $1,000,000.00
       2.  Special Damages:        In excess of              $1,000,000.00
19
       Plaintiff reserves the right to amend this Statement of Damages at a later time, as
20 Discovery develops.
21 DATED: July 22, 2024                  **DOWNTOWN L.A. LAW GROUP**
22
23
24  _____
25  Lauren A. Landau, Esq.
    Attorney for Plaintiff
26  DONNA LIMA
27
28

                                    1
                       **STATEMENT OF DAMAGES**

## CERTIFICATE OF SERVICE

I am over the age of eighteen years and not a party to the within action.  I am employed by O'HAGAN MEYER LLP, whose business address is 4695 MacArthur Ct., Suite 900, Newport Beach, CA 92660.

On **August 14, 2024**, I served the within document(s) described as:

**DEFENDANT WALMART INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§1332, 1441, 1446 (DIVERSITY) AND DECLARATION OF PILAR TORRES, ESQ.**

on the parties in said action as follows:

☐ **BY ELECTRONIC TRANSMISSION:** The undersigned hereby certifies that on 8/14/2024, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the Court's CM/ECF system, which sent notification to all counsel of record, who are deemed to have consented to electronic service via the CM/ECF system.

☒ **BY ELECTRONIC MAIL:** Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification listed herein on this date from agurzenski@ohaganmeyer.com. I did not receive within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ (FEDERAL) I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on **August 14, 2024,** at Los Angeles, California.

*/s/ Amber Gurzenski*
Amber Gurzenski

1
**CERTIFICATE OF SERVICE**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**SERVICE LIST**
*Lima, Donna v. Walmart, Inc.*
O'Hagan Meyer File No.: 2967-40667

Lauren A. Landau, Esq.                    Attorneys for Plaintiff
**Downtown LA Law Group**                 Donna Lima
910 Broadway
Los Angeles, CA 90015
Tel: 213-389-3765
Fax: 877-389-2775
lauren@downtownlalaw.com
Allison Tolan: Allison@downtownlalaw.com

**CERTIFICATE OF SERVICE**